**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | Case No. 11-52034 |
| ICON ELECTRICAL CONTRACTORS, | ) | Hon. Timothy A. Barnes |
| INC., | ) | Hearing Date: Tuesday, July 25, 2017 |
| Debtor. | ) | at 10:30 a.m. |

## NOTICE OF MOTION

To:   See Attached Service List

**PLEASE TAKE NOTICE** that on **Tuesday, July 25, 2017,** at **10:30 a.m.**, or as soon thereafter as may be possible, we shall appear before the **Honorable Timothy A. Barnes** or any other Judge sitting in his stead, in **courtroom 744**, of the Dirksen Federal Building, 219 South Dearborn, in Chicago, Illinois, and shall then and there present the attached **Second Interim and Final Application of Trustee's Attorneys for the Allowance of Compensation and Reimbursement of Expenses,** which is hereby served upon you, and shall move the Court for entry of an Order in accordance therewith.

By:   /s/ Norman B. Newman
Norman B. Newman, Trustee for Icon Electrical
Contractors, Inc.

Norman B. Newman (Atty. ID#02045427)
Jeffrey M. Schwartz, (Atty. ID#06209982)
**MUCH SHELIST, P.C.**
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606
Telephone: 312.521.2000
Facsimile:  312.521.2100

## CERTIFICATE OF SERVICE

Norman B. Newman, an attorney, hereby certifies that on June 30, 2017, he electronically filed this Application for Compensation with the Clerk of the Court via the Court's CM/ECF system which will send electronic notification to those individual registered to receive notice.

/s/ Norman B. Newman

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | Case No. 11-52034 |
| ICON ELECTRICAL CONTRACTORS, | ) | Hon. Timothy A. Barnes |
| INC., | ) | |
| Debtor. | ) | |

**SECOND INTERIM AND FINAL APPLICATION OF
TRUSTEE'S ATTORNEYS FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Jeffrey M. Schwartz and Much Shelist, P.C. ("Much Shelist"), attorneys for Norman B. Newman, not individually but solely as the Chapter 7 Trustee (the "Trustee") for Icon Electrical Contractors, Inc., pursuant to Sections 330 and 331 of the Bankruptcy Code and Local Bankruptcy Rule 5082-1, submits its Second Interim and Final Application Of Trustee's Attorneys for Allowance of Compensation and Reimbursement of Expenses (the "Application"). The Application covers the interim period from December 24, 2013 through April 17, 2017 (the "Second Application Period"). Much Shelist seeks interim and final approval of compensation in the amount of $249,595.50 and reimbursement of actual and necessary expenses in the amount of $7,206.67 for a total allowance of $256,802.17 for the Second Application Period. Much Shelist also seeks final allowance of its fees and expenses that were previously approved on an interim basis in Much Shelist's First Interim Fee Applications which totals $103,401.59, comprised of $101,531.90 in fees and $1,869.69 in expenses (exclusive of the amounts for the Second Application Period). In support of this Application, Much Shelist respectfully represents as follows:

1.      On December 30, 2011, Icon Electrical Contractors, Inc. (the "Debtor"), filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. The Trustee

was subsequently appointed interim trustee, qualified and continues to serve as Trustee in this case.

2. On March 6, 2012, this Court entered an Order authorizing the Trustee to employ Much Shelist as the Trustee's attorneys in this case.

3. On May 20, 2013, the Court entered an Order granting the Application of Trustee's Attorneys for the Allowance of Interim Compensation and Reimbursement of Expenses (the "First Application") and authorizing the payment of fees in the amount of $101,531.90, plus reimbursement of expenses in the amount of $1,869.69 for the period January 23, 2012 through December 23, 2013. To date, Much Shelist has been paid $101,531.90 for fees and $1,869.69 for expenses approved in the First Application.

4. There are insufficient funds on hand in this estate to pay the full amount of the incurred administrative expenses. Notwithstanding, Much Shelist is willing to voluntarily reduce the amount of fees it will receive such that the Trustee will be left with sufficient funds to make (i) a distribution to holders of all unsecured priority claims in full; and (ii) a five percent (5%) distribution to holders of allowed non-priority unsecured claims. The Trustee is currently holding $139,372.29. After deducting amounts to make a distribution to holders of unsecured priority claims in full ($7,595.81) and deducting amounts sufficient to make a distribution of five percent to holders of allowed non-priority unsecured claims (total allowed general unsecured claims of $352,286.01 x five percent = $17,619.31), the Trustee will only have funds remaining in the amount of $116,969.21 to pay his trustee fees and Much Shelist's fees and expenses with respect to this Application. Accordingly, based upon that calculation, Much Shelist will be taking at least a fifty-four percent reduction in the amount of fees and expenses sought in this Application.

**PRELIMINARY STATEMENT**

5. This is Much Shelist's second application for allowance of compensation and reimbursement of expenses in this case.

6. Much Shelist seeks two forms of relief in this Application. First, Much Shelist seeks interim and final approval for professional fees rendered and reimbursement of expenses incurred as counsel for the Trustee during the Second Application Period. Much Shelist performed the services more fully described in this Application and in the time summaries which are attached hereto.

7. Second, Much Shelist seeks final approval of all fees and expense previously approved on an interim basis for Much Shelist in this case, which total $103,401.59, comprised of $101,531.90 in fees and $1,869.69 in expenses (exclusive of the amounts for the Second Application Period).

8. During the time period covered by this Application, Much Shelist provided 517.50 hours of services to the Trustee. This Application includes legal services rendered by the Trustee. Mr. Newman has taken care to distinguish his legal services from his Trustee services. The Trustee has filed a separate fee application relating to his services as Chapter 7 trustee.

9. The following is a summary of time expended, by individual, during the time period covered by this Application:

| Attorney/Position (Date of Initial Bar Admission) | Hours Expended | Hourly Rate* | Amount |
|---|---|---|---|
| Norman B. Newman, Partner (1975) | .8 hrs. | $655/hr. (1/1/17 to Present) | $524.00 |
| | 4.0 hrs. | $640/hr. (1/1/16-12/31/16) | $2,560.00 |
| | 70.3 hrs. | $625/hr. (1/1/14-12/31/15) | $43,937.50 |
| Jeffrey M. Schwartz, Partner (1992) | 16.6 hrs. | $600/hr. (1/1/17 to Present) | $9,960.00 |
| | 9.9 hrs. | $585/hr. (1/1/16-12/31/16) | $5,791.50 |
| | 170.4 hrs. | $575/hr. (1/1/14–12/31/15) | $97,980.00 |

| Attorney/Position (Date of Initial Bar Admission) | Hours Expended | Hourly Rate* | Amount |
|---|---|---|---|
| Folarin S. Dosunmu, Associate (2004) | 170.0 hrs. | $385/hr.   (1/1/15-12/31/15) | $65,450.00 |
| | 34.7 hrs. | $375/hr.   (1/1/14-12/31/14) | $13,012.50 |
| John A. Benson, Jr., Associate (2006) | 14.8hrs. | $350/hr. | $5,180.00 |
| **Paralegal** | | | |
| Sandy Holstrom Paralegal | 26.0 hrs. | $200/hr. | $5,200.00 |
| | | | |
| **TOTAL** | **517.50 hrs.** | | **$249,595.50** |

*During the time period covered by this Application, the hourly rates of some of the attorneys who provided services changed in the ordinary course of Much Shelist's business.

10. In connection with the compensation and expenses sought herein, neither Much Shelist nor any of its attorneys have received or been promised any compensation for services rendered or to be rendered in any capacity in connection with this case other than as set forth herein.

11. No agreement or understanding exists between Much Shelist and any other party for the sharing of compensation to be received for professional services rendered or to be rendered in connection with this case.

12. The hours expended by professionals (and the corresponding fees) have been allocated among the following categories:

| Project Category | Total Hours | Total Fees |
|---|---|---|
| 0001 – General Administration | .8 hrs. | $647.50 |
| 0006 – Claims Analysis | 11.4 hrs. | 7,005.00 |
| 0007 – Adversary Proceeding | 470.20 hrs. | $221,664.00 |
| 0008 – Tax Issues | 2.3 hrs. | $1,437.50 |
| 0010 – Fee Related Matters | 32.80 hrs. | $19,021.50 |
| **TOTAL** | **517.50 hrs.** | **$249,595.50** |

4

13. The reasonable value of services rendered by Much Shelist during the Second Application Period is $247,4510.50 representing 517.50 hours. Approximately 10 hours have been voluntarily written off.

14. Attached hereto as Exhibit "A" is a statement of legal services rendered. The services are listed chronologically and are separated by activity. The services were rendered in connection with and in furtherance of assisting the Trustee in the performance of his duties as delineated by Section 704 of the Bankruptcy Code. This application complies with the standards enunciated in *In re Continental Securities Litigation*, 572 F. Supp. 931 (N.D. Ill. 1983) modified 692 F.2d 766 (7th Cir. 1992).

15. During the time period covered by this Application, Much Shelist's attorneys have provided services to the Trustee with respect to the following matters:

A. **General Administration (Tab 1)**: Much Shelist provided .8 hours of general administrative services to the Trustee. This is a catchall category into which Much Shelist timekeepers place services that do not readily fall within other established categories. Time in this category include efforts to obtain the Debtor's books and records, responding to creditors and drafting a motion to destroy files.

The individuals who provided general administrative services to the Trustee and the time expended by them are as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Jeffrey M. Schwartz | .5 hrs. | $575/hr. | $287.50 |
| Jeffrey M. Schwartz | .3 hrs. | $600/hr. | $180.00 |
| | | | |
| **TOTAL** | **.8 hrs.** | | **$467.50** |

**Claims Administration (Tab No. 2):** During the Time Period, Much Shelist provided 11.4 hours of services to the Trustee in this category relating to proofs of claim. Work in this

5

category entailed Much Shelist resolving JPMorgan Chase Bank N.A.'s (the "Bank") Motion For the Entry of an Order Recognizing Its Previously Filed Informal Proofs of Claim or in the Alternative, Granting Leave to File Formal Proofs of Claim After the Bar Dater, including reviewing the Bank's motion, discussions with Bank's counsel regarding resolving the motion, attending a status hearing on the motion and reviewing and commenting on a proposed order relating to the late filed claim. Much Shelist also drafted a letter agreement with the Bank to clarify the amount owed and that such amount was unsecured. In addition, Much Shelist reviewed and resolved the unliquidated proof of claim filed by Krause Construction ("Krause"). After negotiations with Krause's counsel and reviewing numerous support documents provided by Krause, the Trustee successfully resolved the claim by reaching an agreement to liquidate Krause's claim in the amount filed rather than in the greater amount sought by Krause. Much Shelist was able to resolve all disputed proofs of claim without the need to file objections to the proofs of claim.

The attorneys who provided services in connection with this category and the time expended by them are as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 7.2 hrs. | $625/hr. | $4,500.00 |
| Norman B. Newman | .7 hrs. | $640/hr. | $448.00 |
| Jeffrey M. Schwartz | 1.0 hrs. | $575/hr. | $575.00 |
| Jeffrey M. Schwartz | 1.2 hrs. | $585/hr. | $702.00 |
| Jeffrey M. Schwartz | 1.3 hrs. | $600/hr. | $780.00 |
| **TOTAL** | **11.4 hrs.** | | **$7,005.00** |

**B.** **Adversary Proceeding (Tab No. 3):** The vast majority of time spent by Much Shelist during the Second Application Period was spent in this category. Much Shelist expended 407.20 hours in connection with the prosecution of an adversary complaint filed by the Trustee against the Economy Currency Exchange ("ECE"), its owner, Jerry Tufano ("Tufano") and

6

James Pesoli, Sr. ("Pesoli Sr."), the father of the Debtor's deceased former principal. Prior to the Second Application Period, the Trustee sent numerous letters demanding return of alleged preferential payments. In response, many of the letter recipients stated that they had never done business with Icon or that they did not actually receive payment from the Icon. Much Shelist reviewed numerous checks at issue and discovered that they all had one thing in common – each was cashed at ECE. Much Shelist then conducted Rule 2004 examinations of Tufano, ECE's principal, and Pesoli Sr. (the individual whom ECE indicated cashed the checks). Based upon the information obtained from the Rule 2004 examinations, Much Shelist prepared and filed a six (6) count adversary complaint (the Adversary") against ECE, Tufano and Pesoli Sr. Prior to filing the Adversary, the Trustee was unsuccessful in attempting to settle the matter.

Subsequent to the filing of the Trustee's Adversary, and during the Second Application Period, the Trustee ultimately entered into an agreement to settle with Pesoli, Sr. whereby Pesoli Sr. agreed to (i) pay the Trustee $50,000.00; (ii) cooperate with the Trustee in the Adversary; and (iii) provide the Trustee with certain financial information regarding his ability to pay. Much Shelist negotiated the settlement, drafted the settlement agreement, reviewed Pesoli's financial information, obtained books and records of Icon from Pesoli family members, drafted a motion to approve the settlement and obtained court approval of the settlement. The Adversary as it related to Pesoli Sr. was ultimately dismissed.

In addition, during the Second Application Period, Much Shelist proceeded against ECE and Tufano, (the "Remaining Defendants"). Much Shelist prepared for and participated in a Rule 9026 meeting, made initial disclosure and reviewed the Remaining Defendants' initial disclosures. In order to avoid the cost and uncertainty of litigation, Much Shelist attempted to settle the matter and when that was unsuccessful, Much Shelist proposed that the parties attempt

7

to mediate. The Remaining Defendants agreed to mediate. As part of the mediation process, Much Shelist drafted and presented a motion to mediate, drafted a mediation agreement, consulted with the Remaining Defendants and the mediator, prepared an extensive mediation statement along with exhibits, and prepared for and attended the mediation before Judge Lynch in Rockford. While the Trustee made numerous good faith proposals at the mediation and immediately thereafter, the Remaining Defendants refused to settle the matter.

After the unsuccessful attempts to resolve the Adversary through mediation, Much Shelist prepared and served discovery, responded to extensive discovery requests propounded by the Remaining Defendants, including producing thousands of pages of documents (many of which had to be redacted) and responded to interrogatories. Much Shelist also reviewed the Remaining Defendants' discovery response and the documents and information produced by the Remaining Defendants. The Remaining Defendants served 7 subpoenas and Much Shelist also served subpoenas. Much Shelist participated in 9 depositions, including the depositions of Pesoli Sr, Jerry Tufano, Matthew Munoz, Lucie Buenaflor, James George Pesoli, Jr, Anthony Masini, Kathy Frank, Matthew Wojcik and Susan Pesoli.

During the Second Application Period, Much Shelist also prepared for and attending numerous status hearings before the Court. In addition, Much Shelist spent extensive resources researching, responding to and defeating a motion for summary judgment filed by the Remaining Defendants. Much Shelist researched numerous factual and legal issues, prepared (i) a response to the Remaining Defendants' motion for summary judgment, (ii) a response to the Remaining Defendants' uncontested facts, (iii) the Trustee's additional facts in opposition, (iv) an affidavit of the Trustee in support of the Response, (v) extensive exhibits, and (vi) a motion to exceed page limit.

8

On August 25, 2015, the Court issued a ruling denying the Remaining Defendants' motion for summary judgment. As a result of the denial of the Remaining Defendant's motion for summary judgment and a pending trial, the Remaining Defendants reengaged settlement discussions, finally returning to the bargaining table to negotiate a settlement.

As a result of extensive negotiation, the Trustee and Remaining Defendants entered into a settlement agreement whereby the Remaining Defendants agreed to pay the Trustee $180,000 over an eight month period. The amount settled for was significantly greater than the sum the Trustee had previous offered to settle the matter for earlier in the Adversary. Thus, the Remaining Defendants could have settled for significantly less earlier in the case before incurring the costs of extensive litigation, including motion practice, discovery and depositions. The Remaining Defendants have made all payments due under the Settlement.

The attorneys who provided services in connection with the prosecution of the Adversary and the time expended by them are as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 47.9 hrs. | $625/hr. | $29,937.50 |
| Norman B. Newman | 3.3 hrs. | $640/hr. | $2,112.00 |
| Jeffrey M. Schwartz | 168.9 hrs. | $575/hr. | $97,117.50 |
| Jeffrey M. Schwartz | 8.7 hrs. | $585/hr. | $5,089.50 |
| Folarin S. Dosunmu | 34.7 hrs. | $375/hr. | $13,012.50 |
| Folarin S. Dosunmu | 170.0 hrs. | $385/hr. | $65,450.00 |
| John A. Benson, Jr. | 10.7 hrs. | $350/hr. | $3,745.00 |
|  |  |  |  |
| **Paralegal** |  |  |  |
| Sandy Holstrom | 26.0 hrs. | $200/hr. | $5,200.00 |
|  |  |  |  |
| **TOTAL** | **470.20hrs.** |  | **$221,664.00** |

**C.     Tax Issues (Tab 4):** Much Shelist provided 2.3 hours of services to the Trustee in this category for tax issues. During the Second Application Period, Much Shelist attorneys reviewed tax returns previously filed by the Debtor, consulted with FGMK, the Trustee's

9

accounts regarding filing tax returns and reviewed the proof of claim filed by the IRS and related correspondence from the IRS.

The individuals who provided services in the Tax Issue category to the Trustee and the time expended by them are as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 2.3 hrs. | $625/hr. | $1,437.50 |
| **TOTAL** | 2.3 hrs. | | $1,437.50 |

**D.    Fee Matters (Tab 5)**: Much Shelist provided 32.8 hours of services to the Trustee in this category for fee related matters. During the Second Application Period, Much Shelist attorneys prepared (i) the First Application for Much Shelist for allowance of compensation and reimbursement of expenses; (ii) a supplement to the First Application; (iii) the first interim application of FGMK, the Trustee's account; and (iv) this Application. Much Shelist prepared the supporting declarations, notices, certificates of service and proposed orders associated with those applications and attended the court hearings on the applications (except for this Application where the time relating to attending the Fee Application is not included). Much Shelist incurred $7,000 preparing the First Interim Application and $9,224 in preparing this Application.

The individuals who provided services in the Fee Matters category to the Trustee and the time expended by them are as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | .80 hrs. | $655/hr. | $524.00 |
| Norman B. Newman | 12.90 hrs. | $625/hr. | $8,062.50 |
| Jeffrey M. Schwartz | 15.00 hrs. | $600/hr. | $9,000.00 |
| John A Benson Jr. | 4.10 hrs. | $350/hr | $1,435.00 |
| **TOTAL** | **32.80 hrs.** | | **$19,021.50** |

10

16. During the time period covered by this Application, Much Shelist incurred out-of-pocket expenses in the amount of $7,206.67. Attached hereto as Exhibit "B" is an itemization of Much Shelist's out-of-pocket expenses. Expenses were incurred relating to photocopies ($930.30); legal computerized research ($1,880.82); messenger services ($43.44); local transportation, including travel to the mediation in Rockford ($210.36); and court reporters and transcripts ($4,065.12). The charge for photocopies has been voluntarily reduced to 10¢ per page. Much Shelist submits that these out-of-pocket expenses were reasonable in its representation of the Trustee.

17. The services rendered by Much Shelist as the Trustee's attorney have resulted in a benefit to the Trustee and to the creditors of this estate. Unfortunately, due to the litigious nature of the Remaining Defendants, a great deal of time and resources were spent with respect to the Adversary. Accordingly, there are insufficient funds on hand in this estate to pay the full amount of the incurred administrative expenses. However, Much Shelist is willing to reduce the amount of fees and expense it will receive such that the Trustee will be left with sufficient funds to pay holders of unsecured priority claims in full and to pay holders of allowed timely filed non-priority unsecured claims a distribution in the amount of five percent (5%).

WHEREFORE, Much Shelist, P.C. respectfully requests that this Court enter an Order as follows:

1. Awarding Much Shelist interim and final approval of compensation totaling $256,802.17 consisting of professional fees of $249,595.50 and reimbursement of expenses of $7,206.67 for services rendered on behalf of the Trustee during the Second Application Period;

11

2. Granting final approval of all amounts approved on an interim basis in the First Application which total $103,401.59 comprised of $101,531.90 in fees and $1,869.69 in expenses (exclusive of the amounts for the Second Application Period);

3. Authorizing the Trustee to pay Much Shelist all amounts approved on a final basis, out of remaining funds on hand after the Trustee pays the holders of timely unsecured priority claims in full and the holders of allowed timely filed non-priority unsecured claims a distribution in the amount of five percent (5%); and

4. Granting such other and further relief as this Court deems just and appropriate.

Much Shelist, P.C.


By: /s/Jeffrey M. Schwartz
    Jeffrey M. Schwartz, counsel for the Chapter
    7 Trustee for Icon Electrical Contractors, Inc.


Norman B. Newman (Atty. ID#02045427)
Jeffrey M. Schwartz, (Atty. ID#06209982)
**MUCH SHELIST, P.C.**
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606
Telephone: 312.521.2000
Facsimile:  312.521.2100

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | Case No. 11-52034 |
| ICON ELECTRICAL CONTRACTORS, | ) | Hon. Timothy A. Barnes |
| INC., | ) | |
| Debtor. | ) | |

### COVER SHEET FOR APPLICATION FOR PROFESSIONAL SERVICES

Name of Applicant: Much Shelist, P.C.

Authorized to provide professional services to: Norman B. Newman, Chapter 7 Trustee

Date of Order Authorizing Employment: March 6, 2012

Period for which compensation is sought: 12/24/12 through 04/17/17

Amount of fees sought: $249,595.50

Amount of expense reimbursement sought: $7,206.67

Retainer previously received: $0.00

This is a(n):   Interim Application ___   Final Application  X

Prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| 4/15/2014 | 1/23/12 – 12/23/13 | $105,040.19 | $103,401.59 | $0.00 |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $103,401.59

Dated: 6/29/17                                     MUCH SHELIST, P.C.

By: /s/Norman B. Newman

7588602_1